DECISION AND JOURNAL ENTRY
Defendant Angel Toro appeals his convictions in the Summit County Court of Common Pleas. We affirm.
On June 12, 1996, Defendant was indicted on four counts of aggravated trafficking, in violation of R.C. 2925.03(A)(1), one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1), and one count of conspiracy to engage in a pattern of corrupt activity, in violation of R.C. 2923.01(A)(2).[1] Defendant pleaded not guilty to the charges.
The matter was tried to a jury on July 19-22, 1999. The initial jury panel consisted of twelve jurors and one alternate juror. During the course of the trial, two of the jurors were excused, and the alternate juror was seated. The parties agreed to proceed with only eleven jurors.
After deliberating, the jury found Defendant not guilty on the four aggravated trafficking charges, guilty of engaging in a pattern of corrupt activity, and guilty of conspiracy to engage in a pattern of corrupt activity. The trial court sentenced him accordingly. Defendant timely appealed to this court.
Defendant asserts four assignments of error. We will address each in turn.
 I THE TRIAL COURT COMMITTED PLAIN ERROR IN NOT DECLARING A MISTRIAL WHEN THERE WAS NO LONGER A TWELVE MEMBER JURY. SAID FAILURE TO ACT WAS ALSO CLEARLY ERRONEOUS.
Defendant argues in his first assignment of error that the trial court erred by permitting the trial to go forward with only eleven jurors. He contends that a jury of twelve is mandated by Crim.R. 23(B) and that it was plain error for the trial court not to declare a mistrial. We disagree.
"Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. In order for this court to apply Crim.R. 52(B), it must be clear that the outcome of the trial would have been different but for the alleged error. See State v. Lane (1995),108 Ohio App.3d 477, 482.
Crim.R. 23(B) states: "In felony cases juries shall consist of twelve." In State v. Capan (Apr. 19, 1995), Summit App. No. 16892, unreported, at 8-9, this court found that a defendant could waive the right to a jury of twelve. In the case at bar, Defendant's counsel agreed to have the case tried by only eleven jurors. The trial court then asked Defendant personally if he wished to proceed with only eleven jurors, and he also agreed to proceed with eleven jurors.
We conclude that Defendant affirmatively waived his right to a jury of twelve. We discern no error, plain or otherwise. The first assignment of error is overruled.
 II THE TRIAL COURT COMMITTED PLAIN ERROR IN WORDING THE VERDICT FORMS AND OTHER COURT DOCUMENTS TO READ: . . . ". . . THE DEFENDANT, `SOSA,' A.K.A. ANGEL TORO, . . ."
In his second assignment of error, Defendant contends that he was prejudiced by the verdict forms submitted to the jury. The basis for the State's case was that a person named "Sosa" was involved in several drug transactions and that Defendant was Sosa. The basis for Defendant's case was that Defendant was not Sosa. In the jury verdict forms, Defendant was referenced as "`SOSA' aka Angel Toro." During the jury instructions, the trial court stated:
 Also not included as evidence in this case is the caption State of Ohio versus Sosa, aka, or also known as, Angel Toro. You are not to infer from this caption that Angel Toro is, in fact, Sosa. You are to determine based only on the evidence before you the identity of the defendant.
Defendant now contends that it was plain error for the trial court to submit to the jury the verdict forms that stated that he was Sosa.
We conclude that there was no plain error. The trial court instructed the jury to determine the identity of Sosa based solely on the evidence presented. A jury is presumed to follow the instructions given by the trial court. State v. Garner (1995), 74 Ohio St.3d 49, 59. We find no basis to conclude that the jury disregarded the trial court's instruction. All of the verdict forms contained the same language, and Defendant was found not guilty of four counts of aggravated trafficking. We cannot say that, but for the alleged error, the outcome of the trial would have been different. Defendant's second assignment of error is overruled.
 III THE TRIAL COURT COMMITTED PLAIN ERROR IN NOT DISMISSING THE CHARGE OF CONSPIRACY TO ENGAGE IN A PATTERN OF CORRUPT ACTIVITY AFTER [DEFENDANT] WAS CONVICTED ON THE CHARGE OF ENGAGING IN A PATTERN OF CORRUPT ACTIVITY.
Defendant argues in the third assignment of error that the trial court should have dismissed the count of conspiracy to engage in a pattern of corrupt activity. He contends that under R.C. 2923.01(G), he cannot be convicted of both engaging in a pattern of corrupt activity and conspiracy to commit that offense. We disagree.
Former R.C. 2923.01(G) stated: "When a person is convicted of committing * * * a specific offense * * *, he shall not be convicted of conspiracy involving the same offense." However, R.C. 2923.32(B)(1) states in pertinent part: "Notwithstanding any other provision of law, a person may be convicted of violating the provisions of [R.C. 2923.32] as well as of a conspiracy to violate one or more of those provisions under [R.C. 2923.01]." In State v. Wilson (1996), 113 Ohio App.3d 737, 748, we held that "[i]n the case of the offenses of engaging in a pattern of corrupt activity and conspiracy to engage in a pattern of corrupt activity, the General Assembly has specifically provided for separate punishments for those crimes." We find no reason to deviate fromWilson.Defendant was properly convicted of both conspiracy to engage in a pattern of corrupt activity and engaging in a pattern of corrupt activity. No plain error exists. Defendant's third assignment of error is overruled.
 IV THE [DEFENDANT'S] TRIAL COURT COUNSEL'S ASSISTANCE TO THE DEFENDANT WAS SO INEFFECTIVE THAT, BUT FOR SAID INEFFECTIVENESS, THE OUTCOME WOULD HAVE BEEN DIFFERENT.
For his fourth assignment of error, Defendant asserts that his trial counsel was ineffective. He presents four areas in which he contends his trial counsel's performance was constitutionally deficient: (1) the failure to exercise a peremptory challenge to remove a juror; (2) the failure to object to seating only one alternate juror instead of two alternate jurors; (3) the failure to move for a mistrial instead of proceeding with eleven jurors; and (4) the failure to object to the verdict forms. His contentions are not well taken.
A two-step process is employed in determining whether the right to effective counsel has been violated.
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693. In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690, 80 L.Ed.2d at 695. The defendant has the burden of proof, and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. State v. Smith (1985), 17 Ohio St.3d 98, 100.
The first issue relates to Juror No. 7, Ann Snyder Britton. On voir dire, Juror Snyder Britton stated that she was a magistrate of the Probate Division of the Summit County Court of Common Pleas and that her husband worked for the Summit County Child Support Enforcement Agency, under the auspices of the Summit County Prosecutor's Office. Defendant's trial counsel did not ask Juror Snyder Britton any questions during voir dire. Juror Snyder Britton was eventually seated on the jury. Defendant was granted four peremptory challenges; Defendant's trial counsel exercised only three and did not attempt to dismiss Juror Snyder Britton. Defendant argues that trial counsel should have dismissed Juror Snyder Britton because she was an employee of the common pleas court (and thereby subject to its influence) and because her husband was essentially an employee of the county prosecutor.
We conclude that Defendant has not shown that trial counsel's performance was deficient on this issue. "The use of peremptory challenges is a matter of strategy. Debatable trial tactics do not constitute ineffective assistance of counsel." State v. McNeill (1998),83 Ohio St.3d 438, 449.
Defendant next asserts that trial counsel was ineffective for not objecting to the seating of only one alternate juror, instead of two. There is nothing in the record to indicate that, at the time the jury was selected, more than one alternate juror would be needed, and Defendant does not direct us to anything in the record to support his contention. We fail to see how the failure to object to the selection of one alternate juror violated an essential duty of trial counsel to Defendant.
Defendant's third argument is that trial counsel failed to move for a mistrial instead of agreeing to a trial by eleven jurors. He contends that the trial court presented him with two options: either proceed with eleven jurors, or retain the twelfth juror, who was visibly affected by the sudden death of a friend and would probably not have focused her attention on the trial. Defendant asserts that trial counsel should have instead moved for a mistrial to preserve his right to an attentive jury of twelve.
Assuming arguendo that the failure to move for a mistrial violated a duty to Defendant, we find no prejudice. There is no indication that the outcome of the trial would have been different if brought before a different jury. Additionally, the decision to seek a mistrial or continue with eleven jurors constitutes debatable trial tactics.
Defendant alleges in his fourth point that trial counsel was ineffective because he failed to object to the verdict forms identifying him as Sosa, as discussed in the second assignment of error. We conclude that Defendant has not demonstrated prejudice. As we noted in the second assignment of error, the identification of Defendant as Sosa on the verdict forms was not outcome-determinative.
Defendant was not denied his constitutional right to effective assistance of trial counsel. Accordingly, the fourth assignment of error is overruled.
Defendant's four assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ________________________ LYNN C. SLABY
FOR THE COURT, WHITMORE, J., CONCURS. CARR, J. concurs in judgmentonly
[1] The crimes were alleged to have occurred prior to July 1, 1996, the effective date of Am.Sub.S.B. No. 2. Accordingly, the former versions of the applicable statutes are referenced in this opinion.