OPINION
Wayman P. Braswell appeals from a judgment on a jury verdict in the Miami County Court of Common Pleas, which found him guilty of engaging in a pattern of corrupt activity and conspiracy to engage in a pattern of corrupt activity. He was sentenced to five-year and three-year terms of imprisonment respectively, to be served concurrently, and to be followed by a five-year period of post-release control.
The state presented the testimony of numerous witnesses who stated that they had worked with Braswell in selling crack cocaine from his residence or his place of employment, had bought crack cocaine from him, or had seen him selling crack cocaine. The defense did not call any witnesses. Following a two-day trial, Braswell was found guilty of engaging in a pattern of corrupt activity and of conspiracy to engage in a pattern of corrupt activity. The jury further found that these offenses had not involved trafficking in or possessing more than five grams of crack cocaine. Braswell was sentenced as discussed supra.
Braswell filed a notice of appeal, but his appointed attorney filed a brief pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, indicating that, in his opinion, there were no potentially meritorious issues for appellate review. The attorney did present some of the arguments he had considered, however. Braswell then supplemented the attorney's brief with his own brief, and the state responded. We will address all of the arguments raised, beginning with the ones that are identified in both of the briefs filed on Braswell's behalf.
Braswell and his attorney each address the fact that other sellers and abusers of drugs testified against Braswell in exchange for favorable treatment by the state in their own cases. Braswell believes that the testimony of those who entered into plea agreements that involved testifying against him should have been excluded and that his attorney acted ineffectively in failing to so move. Ohio law, however, does not provide for the exclusion of such evidence. Rather, such evidence is allowed along with evidence of the alleged bias or motive to fabricate testimony so that the witness's credibility can be weighed by the trier of fact. Trial counsel was not ineffective in failing to try to exclude the testimony of the witnesses who had entered into plea agreements with the state.
Braswell's attorney also points out the requirement that the state present evidence corroborating the testimony of co-conspirators because R.C. 2923.01(H)(1) prohibits basing a conviction solely upon the uncorroborated testimony of a co-conspirator. The attorney correctly notes, however, that the co-conspirators' testimony was corroborated. The supreme court has held that, for purposes of R.C. 2923.01(H)(1), formerly R.C. 2923.03(D), one accomplice may corroborate the testimony of another. State v. Tyler (1990), 50 Ohio St.3d 24, 33. See, also, Statev. McDade (Nov. 20, 1991), Miami App. No. 90 CA 46. Braswell's accomplices did corroborate one another's testimony at his trial. Moreover, the state's case also included testimony from two people who had bought drugs from Braswell or had seen him sell drugs to others but had not been part of the enterprise. Thus, the state's case did not run afoul of R.C. 2923.01(H)(1).
Braswell and his appellate counsel also discuss trial counsel's admission in opening statement that Braswell had been a drug user and had sometimes provided drugs to his friends for the price that he had paid for the drugs. Braswell claims that his attorney prejudiced him in the eyes of the jury by conceding any involvement with drugs. The attorney's strategy had apparently been to admit that Braswell had used drugs and had permitted the sale of drugs from his residence and place of employment but to deny that he had been personally involved in the sale of drugs for profit. Given the substantial evidence of Braswell's connection to and presence at locations where drugs were being used and sold, it was not unreasonable for the attorney to concede some involvement with drugs as a relatively innocuous explanation for Braswell's activities while denying the more serious offense of selling drugs for profit. Although the attorney probably should not have conceded in his opening statement that Braswell had shared drugs with his friends because such an activity technically falls within the definition of a sale of drugs, the type of conduct described in the opening statement was not analogous to the type of conduct described in the bill of particulars or by the state's evidence at trial. Thus, the record does not demonstrate that Braswell suffered prejudice as a result of his attorney's conduct to the extent that an ineffective assistance of counsel claim requires. See Strickland v. Washington (1984), 466 U.S. 688. Braswell was not denied the effective assistance of counsel in this regard.
Braswell's attorney addresses several other potential arguments that he had determined to be without merit. These included the argument that trial counsel was ineffective because he had revealed trial strategy to the state and had not investigated and called all necessary witnesses. The attorney correctly concludes that these claims cannot be addressed on direct appeal because they would necessitate evidence outside the record.
The appellate attorney also discusses Braswell's beliefs that his trial counsel should have sought a change of venue, psychological testing, and additional scientific evidence. Braswell claims that a change of venue would have been appropriate because the venire did not contain "individuals with similar backgrounds, education and intellect" or individuals of his race. There is no evidence in the record, however, that the venire did not represent a fair cross section of the Miami County community or that any of the jurors who did serve was unable to render an impartial verdict. There is also no evidence that psychological or scientific evidence would have been helpful to the defense. As such, trial counsel cannot be faulted for not seeking out such evidence. Appellate counsel correctly determined that this argument lacked arguable merit.
Appellate counsel also addresses the trial court's denial of Braswell's request for a new attorney before trial. We note that the trial court did conduct a hearing on the alleged shortcomings of the attorney and found that most of the things that Braswell had wanted the attorney to do had been unwarranted or had been outside the scope of his appointment. Although the relationship between Braswell and his trial counsel was clearly strained, the trial court did not err in concluding that the attorney had provided adequate representation.
In his pro se brief, Braswell contends that the trial court erred in imposing concurrent sentences for allied offenses without determining whether there was a separate animus with regard to each offense. However, R.C. 2923.32(B)(1) provides that a person may be convicted of engaging in a pattern of corrupt activity along with conspiracy to engage in a pattern of corrupt activity. "In the case of the offenses of engaging in a pattern of corrupt activity and conspiracy to engage in a pattern of corrupt activity, the General Assembly has specifically provided for separate punishments for those crimes." State v. Wilson
(1996), 113 Ohio App.3d 737, 748. Thus, the legislature intended to authorize cumulative punishment for these offenses, and Braswell was not entitled to have the counts against him merged for purposes of sentencing.
Finally, Braswell claims that the state presented insufficient evidence to support his conviction. In considering the sufficiency of the evidence, the pivotal question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In our view, there was ample evidence to support Braswell's conviction. Two people testified that Braswell had helped them to sell crack cocaine, and several others testified that they had purchased crack cocaine from Braswell. Another man testified that he had delivered drugs to Braswell more than one hundred times. A rational jury could have found Braswell guilty based on this testimony.
In addition to addressing the issues specifically raised by Braswell and his attorney, we have done a thorough and independent examination of the record for potentially meritorious appellate issues pursuant to our responsibilities under Anders, supra. We conclude that appointed appellate counsel is correct in his assessment that there are no potentially meritorious issues for appellate review. Accordingly, the judgment of the trial court will be affirmed.
BROGAN, J. and GRADY, J., concur.