OPINION
{¶ 1} Defendant-appellant Louella Ann Silva appeals her conviction and sentence from the Stark County Court of Common Pleas on five counts of taking the identity of another in violation of R.C. 2913.49(B), seven counts of forgery in violation of R.C. 2913.31(A)(1), one count of grand theft in violation of R.C. 2913.02(A)(3), five counts of theft in violation of R.C. 2913.02(A)(3), and one count of receiving stolen property in violation of R.C. 2913.51(A). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 17, 2002, the Stark County Grand Jury indicted appellant on five counts of taking the identity of another in violation of R.C. 2913.49(B), felonies of the fourth degree, seven counts of forgery in violation of R.C. 2913.31(A)(1), felonies of the third, fourth, and fifth degrees, one count of grand theft in violation of R.C. 2913.02(A)(3), a felony of the fourth degree, five counts of theft in violation of R.C.2913.02(A)(3), felonies of the fifth degree, and one count of receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree. The charges related to appellant's involvement in a scheme to steal the identities of elderly women and to use their identities to open various credit accounts[1] and then purchase over $100,000.00 worth of items, including jewelry, appliances, furniture and clothing. The five elderly victims ranged in age from 76 years old to 86 years old. At her arraignment on June 7, 2002, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Thereafter, appellant, on July 24, 2002, withdrew her former not guilty plea and entered a plea of guilty to the charges contained in the indictment. As memorialized in a Judgment Entry filed on September 27, 2002, appellant was sentenced to an aggregate sentence of five years in prison. A Nunc Pro Tunc Entry correcting typographical errors was filed on November 19, 2002.
 {¶ 4} Appellant now raises the following assignments of error on appeal:
 {¶ 5} "I. THE IMPOSITION OF SENTENCES WHICH WERE GREATER THAN THE MINIMUM AND CONSECUTIVE TO EACH OTHER IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
 {¶ 6} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO REQUEST AND/OR MERGE CRIMINAL ACTS WHICH WERE ALLIED OFFENSES OF SIMILAR IMPORT AS SET FORTH IN THE TWENTY-ONE COUNT INDICTMENT PRIOR TO THE APPELLANT'S PLEA AND SENTENCE."
 I {¶ 7} Appellant, in her first assignment of error, argues that the trial court erred in sentencing appellant on fourth and fifth degree felonies. Appellant specifically contends that the trial court did not "make sufficient findings to support the imposition of sentences on individual counts which are greater than the minimum and/or the imposition of non-mandatory consecutive sentences." Appellant further maintains that the trial court did not, when necessary, give its reasons for such findings. We disagree.
 {¶ 8} Revised Code 2953.08 governs an appeal of sentence for a felony and establishes our standard of review. Subsection (G)(2) states as follows:
 {¶ 9} "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
"(b) That the sentence is otherwise contrary to law."
 {¶ 10} As is stated above, appellant argues, in part, that the trial court erred in imposing more than the minimum sentence on appellant for fourth and fifth degree felonies.
 {¶ 11} R.C. 2929.14 states, in relevant part, as follows: . . . "if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 12} In interpreting this requirement, the Supreme Court of Ohio has held that R.C. 2929.14(B) does not require that the trial court give its reasons for its findings that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110, 715 N.E.2d 131, syllabus. Furthermore, "the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." Id. at 326.
 {¶ 13} In the case sub judice, the trial court stated, in relevant part, on the record at the September 12, 2002, sentencing hearing:
 {¶ 14} "The Court finds pursuant to Revised Code 2929.14(B) that the shortest prison term possible will demean the seriousness of the offenses and will not adequately protect the public, and, therefore, the Court is going to impose a greater term." Transcript of September 12, 2002, hearing at 26-27.
 {¶ 15} Clearly, the trial made the findings required by R.C.2929.14(B) on the record. As is stated above, the trial court is not required to give its reasons for such findings. Furthermore, we concur with appellant that, given appellant's criminal history, the age of her victims, and the large amount of credit involved, prison terms beyond the minimum were warranted.
 {¶ 16} As is stated above, appellant also contends that the trial court erred in imposing consecutive sentences on appellant. The imposition of consecutive sentences is governed by R.C. 2929.14(E). Such statute states, in relevant part:
 {¶ 17} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 18} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 19} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 20} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 21} R.C. 2929.19(B)(2)(c), further requires the trial court to state its reasons for imposing consecutive sentences.
 {¶ 22} At the September 12, 2002 hearing, the trial court specifically stated on the record, in pertinent part, as follows:
 {¶ 23} "The Court makes these findings relative to the consecutive sentence as follows: That the consecutive sentences are necessary to fulfill the purpose of Revised Code 2929.11 and not disproportionate to the seriousness of the Defendant's conduct or the danger the Defendant poses. And the Court further finds that the harm caused was great or unusual in that the identities of five of our senior citizens who had unblemished credit records, as they indicated on the record today, were destroyed. The identities were taken of these senior citizens and their credit histories destroyed, bringing them many months of frustration in trying to clear that up." Transcript of September 12, 2002, hearing at 30-31.
 {¶ 24} The trial court further noted on the record that recidivism was likely and that appellant had a "prior adjudication of delinquency or history of criminal offenses." Id. The trial court additionally noted on the record as follows:
 {¶ 25} "The Court finds, as far as seriousness factors, that this is more serious because the injury to the victims was worsened by the age of the victims, again all of the victims being elderly, and as I'm trying to glance through I believe the youngest victim was 76 years old. We have victims age 76, three of them at the time, one age 82, and one age 87, at the time these offenses were committed.
 {¶ 26} "And these are people who were living law abiding lives, whose good name and credit was very dear to them, and now you've put them through months and probably, unfortunately, there will be additional months of frustration and really probably, to some degree, embarrassment as it was explained by some of these victims when, you know, they received bills and now I have to go about trying to correct their credit history which is not something that can be easily done. Which is why, again, I'm going to direct the prosecuting attorney to write letters on behalf of these victims so that they can clear their credit and clear their good names. And, again, if the Court needs to be involved in that process, the Court will become involved in that process." Transcript of September 12, 2002, hearing at 25-26.
 {¶ 27} Based on the foregoing, we find that the trial court made each of the required findings required by R.C. 2929.14(E)(4) and stated its reasons for imposing consecutive sentences. While the trial court did not expressly state that "consecutive service is necessary to protect the public from future crime or to punish the offender", the trial court made this finding when it found that consecutive sentences were necessary to fulfill the purposes of R.C. 2929.11. Revised Code 2929.11 states that the overriding purposes of felony sentencing is to protect the public from future crime and to punish the offender. Thus, the trial court found that consecutive sentences were necessary to protect the public from future crime and punish the offender. The trial court also explicitly found that the consecutive sentences were not disproportionate to the seriousness of the appellant's conduct or the danger appellant poses and that the harm caused was great or unusual. Finally, the trial court gave its reasons for imposing consecutive sentences, emphasizing the age of appellant's five elderly victims and the harm that they suffered in attempting to restore their credit.
 {¶ 28} Therefore, we find that the trial court made all of the requisite findings for imposing consecutive sentences and stated its reasons for doing so.
 {¶ 29} Appellant's first assignment of error is, therefore, overruled.
 II {¶ 30} Appellant, in her second assignment of error argues that the trial court abused its discretion in failing to merge criminal acts which were allied offenses of similar import. Appellant specifically contends that the crimes of forgery and theft "are of a similar nature and were committed for the same purpose with the same animus as to each" and, therefore, that they should have been merged by the trial court. Appellant further maintains that her trial counsel was ineffective in failing to request that the same be merged prior to appellant's plea and sentence.
 {¶ 31} A claim for ineffective assistance of counsel requires a two-prong analysis. The first prong is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter, 72 Ohio St.3d 545,558, 1995-Ohio-104, 651 N.E.2d 965 (citing Lockhart v. Fretwell (1993),506 U.S. 364, 370, 113 S.Ct. 838, 122 L.Ed.2d 180). The United States Supreme Court and the Ohio Supreme Court have both held that a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley, 42 Ohio St.3d at 143 (citing Strickland, 466 U.S. at 697).
 {¶ 32} As is stated above, appellant contends that the trial court abused its discretion and trial counsel was ineffective in failing to merge the crimes of forgery and theft.
 {¶ 33} R.C. 2941.25 states as follows:
 {¶ 34} _¶ 26_ "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 35} " (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 36} The applicable test for deciding whether crimes are allied offenses of similar import was set forth in State v. Blankenship (1988),38 Ohio St.3d 116, 117, 526 N.E.2d 816: "If the elements of the offenses" correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import " If the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends — the multiple convictions are permitted. Under an R.C. 2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract. State v. Rance,85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699.
 {¶ 37} As is stated above, appellant was indicted for theft in violation of 2913.02(A)(3) and forgery in violation of R.C. 2913.31(A)(1). R.C. 2913.02(A) states, in relevant part, as follows: "A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (3) By deception;". In turn, R.C. 2913.31(A) states as follows: "A) No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following: (1) Forge any writing of another without the other person's authority."
 {¶ 38} The crimes of theft and forgery each contain elements not possessed by the other. State v. Marvin (1999), 134 Ohio App.3d 63, 70,1999-Ohio-811, 730 N.E.2d 401, citing State v. Wilson (1996),113 Ohio App.3d 737, 746, 682 N.E.2d 5, State v. Hunter (1983),12 Ohio App.3d 75, 78, 466 N.E.2d 183, 187-188. Forgery includes the creation of a false writing, and theft includes the obtaining of property of another. Thus, the commission of one does not necessarily result in the commission of the other. The trial court, therefore, did not abuse its discretion in failing to merge the crimes of theft and forgery and appellant's trial counsel was not ineffective in failing to request that such crimes be merged.
 {¶ 39} Appellant's second assignment of error is, therefore, overruled.
 {¶ 40} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
By: Edwards, J., Hoffman, P.J., and Wise, J. concur.
[1] The credit accounts were valued between $8,407.00 and $40,570.00.