JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Appellant, Anthony Harris, appeals his sentence for vandalism and assault. For the reasons set forth below, we vacate the sentence and remand for resentencing.
 {¶ 2} On August 26, 2005, appellant was indicted on 28 various charges, including 18 counts of vandalism, in violation of R.C. 2909.05, felonies of the fifth degree; three counts of harassment by an inmate, in violation of R.C. 2921.38, felonies of the fifth degree; three counts of felonious assault, in violation of R.C. 2903.11, felonies of the first degree; and four counts of felonious assault, in violation of R.C.2903.11, felonies of the second degree. Each of the felonious assault charges carried a notice of prior conviction and repeat violent offender specification.
 {¶ 3} Appellant was arraigned on August 31, 2005 and, after several pretrial hearings, entered pleas of guilty to two counts of vandalism and seven counts of felonious assault with specifications. On December 28, 2005, he was sentenced to an aggregate term of 13 years incarceration and five years of post-release control. *Page 3 
 {¶ 4} The incident that gave rise to the charges against appellant occurred in early August 2005. During that time, appellant was terminated from his employment with Alcon Fabricators. When he refused to leave the premises after being discharged, the police were called and he was arrested for stalking. On August 10, 2005, appellant was released from police custody. He then returned to Alcon with the intent of harming his former coworkers. As he drove into the Alcon parking lot, he aimed his car directly at several employees, who were standing outside of the building. Appellant's reckless driving caused the employees to fear for their lives and resulted in vandalism to 17 cars. In addition, appellant beat one of his former coworkers in the head with a brick and grabbed another coworker through his car window, breaking his nose. The damages to the cars totaled over $60,000. The car owners were forced to pay for their own repairs because neither their insurance nor appellant's covered damages caused by vandalism.
 {¶ 5} Appellant brings this appeal and asserts one assignment of error:
 {¶ 6} "I. The trial court erred when it sentenced the defendant to consecutive prison terms, each term greater than the minimum under thepre-Ohio v. Foster, 109 St. 3D 1, 2006-Ohio-856, O.R.C. 2929.14(B) and (E)(4) and 1919.19(b) (1 and 2)(c)."
 {¶ 7} Appellant argues that the trial court erred when it sentenced him to a consecutive term of incarceration greater than the minimum sentence. More specifically, he asserts that the trial court needed to make specific findings beyond *Page 4 
his plea before such a sentence could be imposed. We find no merit in his argument.
 {¶ 8} The Ohio Supreme Court's recent decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, renders appellant's assignment of error without merit for the purposes of this appeal. InFoster, the Court found several sections of the Revised Code unconstitutional, including R.C. 2929.14(B), and severed the offending portions from the statute. As a result, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or state reasons for imposing more than the minimum sentences. Foster at ¶ 100.
 {¶ 9} However, because the trial court specifically referenced R.C.2929.14(B), an unconstitutional statute, during appellant's sentencing, his sentence is deemed void. Accordingly, appellant is entitled to a new sentencing hearing, although the parties may stipulate to the sentencing court's acting on the record before it. Foster at ¶ 105.
 {¶ 10} In accordance with the decision in Foster involving appeals with sentencing claims pending on direct review, we vacate appellant's sentence and remand this case to the trial court for a new sentencing hearing.
Sentence vacated, cause remanded for resentencing.
It is ordered that appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the cuyahoga county common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 1