JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} In this delayed appeal, defendant-appellant, Charla Polk ("defendant"), challenges her multiple convictions as well as the sentences she received for them. For the reasons that follow, we affirm the convictions; vacate defendant's sentence and remand for resentencing.
 {¶ 2} Defendant's indictment contained the following charges: receiving stolen property occuring on October 12, 2005 (counts one and two); theft occurring between October 12-18, 2005 (count three); forgery occurring on October 13, 2005 (count four); uttering occurring on October 13, 2005 (count five); forgery occurring on October 17, 2005 (count six); uttering occurring on October 17, 2005 (count seven); passing bad checks occurring on October 8, 2005 (count eight); passing bad checks occurring on October 13, 2005 (count nine); and passing bad checks occurring on October 16, 2005 (count ten).
 {¶ 3} Defendant pled no contest to the indictment. The State set forth the factual basis of this case as follows: "there are five checks involved in this case. Three of these checks [defendant] deposited into closed accounts, thereby inflating her balance and allowing her to withdraw money from an ATM. The loss to Huntington Bank in that case was $1,340.
 {¶ 4} "In addition to the three closed account checks, there were two stolen checks: One in the amount of $425, another in the amount of $6,132.02. That was an Akron Thermal Cooling check. *Page 4 
 {¶ 5} "Akron Thermal Cooling was contacted. It was determined that the entire box of checks had been stolen, including the check that was written for $6,132.
 {¶ 6} "The fraud investigator for Huntington Bank does have surveillance photos of [defendant] depositing that Akron Thermal check and making several of these withdrawals."
 {¶ 7} The trial court found defendant guilty on all ten counts.
 {¶ 8} The trial court sentenced defendant on February 22, 2006. The trial court reviewed defendant's criminal record that included convictions for felonious assault with a violence specification; numerous theft and falsification offenses; robbery with a violence specification; passing bad checks; and driving under suspension. The court found it likely defendant would commit future crimes and sentenced her as follows: 11 months on each of counts 1-3 to run consecutively; 17 months on count six to be served consecutively to the others; 11 months on counts four, five, and seven, which the trial court suspended along with six-month sentences it imposed on the remaining counts eight, nine, and ten. Defendant is currently serving a prison sentence of four years two months on counts one, two, three, and six. Defendant's appeal raises four assignments of error, which will be addressed together where appropriate for discussion.
 {¶ 9} "I. The court erred in imposing the maximum prison term when two or more of the offenses arose out of the same incident." *Page 5 
 {¶ 10} Defendant maintains that the trial court erred by failing to run her sentences concurrently because she believes her convictions are allied offenses of similar import pursuant to R.C. 2941.25. This issue was not raised below and therefore, defendant has waived all but plain error.
 {¶ 11} R.C. 2941.25, Ohio's allied offenses statute, protects against multiple punishments for the same criminal conduct in violation of the Double Jeopardy Clauses of the United States and Ohio Constitutions.State v. Moore (1996), 110 Ohio App.3d 649, 653. Specifically, R.C.2941.25 states:
 {¶ 12} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 13} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 14} In determining whether crimes are allied offenses of similar import under R.C. 2941.25(A), courts must first assess whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other.State v. Rance (1999), 85 Ohio St.3d 632, 638. If the *Page 6 
elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus. Id. at 638-639. The burden of establishing that two offenses are allied falls upon the defendant.State v. Nicholson, Cuyahoga App. No. 85635, 2005-Ohio-5687.
 {¶ 15} In support of her position, defendant contends that there was no separate animus because her various offenses were "committed in one single ongoing crime on various days." A veritable crime spree does not establish allied offenses. Here, defendant was charged with ten different crimes. While a few of these occurred on the same day, they involved a series of separate events and animus. The two counts of receiving stolen property involved different victims and are not allied offenses. Likewise, the counts of theft, forgery, and uttering, as charged in counts 3-5 and 6-8, are not allied offenses because various checks were stolen, forged, and then uttered in a series of separate events. Accord, State v. Pollard (Feb. 13, 1992), Cuyahoga App. No. 62296, citing State v. McGee (1987), 37 Ohio App.3d 54. Finally, the three counts of passing bad checks all occurred on different dates and involved different checks and, therefore, cannot be considered allied offenses.
 {¶ 16} Assignment of Error I is overruled.
 {¶ 17} "II. The trial court erred in imposing maximum terms on all counts and consecutive prison terms on counts. *Page 7 
 {¶ 18} "III. The trial court erred in failing to make a finding giving reasons for the maximum sentence imposed and consecutive terms.
 {¶ 19} "IV. The trial court erred in failing to make a recidivism determination under R.C. 2929.12."
 {¶ 20} Subsequent to defendant's sentencing but prior to this appeal, the Ohio Supreme Court rendered its decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Ohio Supreme Court declared unconstitutional and excised portions of Ohio's sentencing law. Post-Fosfer, trial courts are no longer obligated to make statutory findings before imposing maximum, consecutive, or more than the minimum sentence on offenders.
 {¶ 21} The State has conceded that Foster applies to entitle defendant to a new sentencing hearing under these assignments of error, therefore, we sustain them on that basis.[1]
 {¶ 22} Assignments of Error II, III, and IV are sustained under the authority of Foster
Judgment affirmed in part; sentence vacated and case remanded for resentencing. *Page 8 
It is ordered that appellant and appellee share equally the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., and ANTHONY O. CALABRESE, JR., J., CONCUR
[1] Compare, State v. Pinkney, Cuyahoga App. No. 88357, 2007-Ohio-1721
with State v. Harris, Cuyahoga App. No. 88314, 2007-Ohio-3079; State v.Adames, Cuyahoga App. No. 86936, 2006-Ohio-1939; State v.McCollins, Cuyahoga App. No. 86561, 2006-Ohio-2888; and State v.Eggleton, Cuyahoga App. No. 86551, 2006-Ohio-2213. We accept the State's concession and decline to address an apparent conflict over whetherFoster applies to cases being reviewed on delayed appeal. App.R. 12. *Page 1