[Cite as *State v. Snuffer*, 2011-Ohio-6430.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 96480, 96481, 96482, and 96483**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SHANE S. SNUFFER

DEFENDANT-APPELLANT

**JUDGMENT:
AFFIRMED**

Criminal Appeals from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-536812, CR-536868, CR-538335,
and CR-539285

**BEFORE:** Stewart, P.J., Boyle, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**    December 15, 2011

**ATTORNEY FOR APPELLANT**

Kelly A. Gallagher
P.O. Box 306
Avon Lake, OH    44012

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:    Brett Kyker
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

{¶ 1}  Defendant-appellant, Shane Snuffer, pleaded guilty in four different criminal cases to 15 counts of theft and one count of forgery.  The state charged that Snuffer, the director of a company that handled the disbursement of government funds to the disabled, deposited less than the full amount of those government funds that his clients received and also withdrew money from the clients' accounts for his own purposes.  After merging some of the counts, the court sentenced Snuffer to a total term of 12 years in prison and ordered him to make restitution to the affected government agencies and victims.  On appeal, Snuffer complains that the court committed plain error

by failing to merge the counts for sentencing and that the length of his sentence constituted an abuse of the court's discretion.

## I

{¶ 2} Snuffer first argues that the court committed plain error by failing to merge any of the ten counts of theft contained in CR-538335 or the theft and forgery counts contained in CR-539285.

{¶ 3} When a defendant's conduct results in the commission of two or more "allied" offenses of similar import, that conduct can be charged separately, but the defendant can be convicted and sentenced for only one offense. R.C. 2941.25(A). Offenses are "allied" and must be merged for sentencing if the defendant's conduct is such that a single act could lead to the commission of separately defined offenses, but those separate offenses were committed with a state of mind to commit only one act. See *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶48-50.

## A

{¶ 4} In CR-538335, Snuffer pleaded guilty to ten different counts of theft charged against ten different victims. "When an offense is defined in terms of conduct towards another, then there is a dissimilar import for each person affected by the conduct." *State v. Phillips* (1991), 75 Ohio App.3d 785, 790, 600 N.E.2d 825, citing *State v. Jones* (1985), 18 Ohio St.3d 116, 118, 480 N.E.2d 408. See, also, *State v. Polk*, 8th Dist. No. 88639, 2007-Ohio-4436, ¶15. Although he may have had the single goal of

stealing money, Snuffer committed ten different acts of theft against ten different victims. These offenses were not allied and could be separately punished.

B

**{¶ 5}** The theft and forgery counts charged in CR-539285 were committed against the same victim. In Count 1, Snuffer pleaded guilty to theft under R.C. 2913.02(A)(1), which prohibits a person from obtaining or exerting control over the property of another without the other's consent. In Count 4, Snuffer pleaded guilty to forgery under R.C. 2913.31(A)(2), which prohibits another from fraudulently forging any writing of another without that person's authority.

**{¶ 6}** Courts have uniformly found that theft and forgery are not allied offenses because each offense contains elements not possessed by the other: forgery only requires a fraudulent writing, so unlike theft, it does not require that one obtain control over the property of another. *State v. Marvin*, 134 Ohio App.3d 63, 70, 1999-Ohio-811, 730 N.E.2d 401, citing *State v. Wilson* (1996), 113 Ohio App.3d 737, 746, 682 N.E.2d 5; *State v. Hunter* (1983), 12 Ohio App.3d 75, 78, 466 N.E.2d 183; *State v. Anderson*, 10th Dist. No. 08AP-1071, 2009-Ohio-6566, ¶37.

**{¶ 7}** Nevertheless, *Johnson* no longer requires us to slavishly compare the elements of each offense, but rather to determine "whether it is possible to commit one offense and commit the other with the same conduct[.]" Id., 128 Ohio St.3d at ¶48. The forgery count charged Snuffer with forging the victim's signature on a bank account

withdrawal slip. The theft count did not describe the nature of the theft, stating only that Snuffer obtained control over the victim's property without consent.

{¶ 8} Snuffer might plausibly argue that he used the forged withdrawal slip to facilitate the theft of money from the victim's bank account so that the forgery was in essence the act of theft. But Snuffer does not make this argument. Instead, he states only that "[t]he record of Snuffer's plea does not contain the necessary details as to the time and circumstances of the various criminal acts from which to make a determination [as to whether offenses are allied]." Appellant's Brief at 9.

{¶ 9} Snuffer did not object to his sentence, so we review for plain error. See *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶31. Plain error exists only when it is obvious on the record. See *State v. Tichon* (1995), 102 Ohio App.3d 758, 767, 658 N.E.2d 16. Snuffer pleaded guilty to the indictment, thus admitting the facts as charged in the indictment and obviating the need for any factual basis for the plea. *State v. Kent* (1980), 68 Ohio App.2d 151, 156, 428 N.E.2d 453. As he concedes, he offered no other facts at sentencing, so the record on appeal is such that we cannot say that plain error in failing to merge the sentences was "obvious."

{¶ 10} We are aware that in *State v. Masters*, 8th Dist. No. 95120, 2011-Ohio-937, a panel of this court cited to *Underwood* for the proposition that the "trial court should have inquired into the facts when accepting Masters's plea to all charges in order to determine whether any of the offenses were allied." Id. at ¶9. The holding that the court must inquire into the facts during a plea hearing cannot be reconciled with Crim.R.

11(C), which does not require a factual basis for a guilty plea. Implicit within Crim.R. 11(C), is the idea that a guilty plea constitutes a full admission of factual guilt that obviates the need for a fact-finding trial on the charges. *State v. Wilson* (1979), 58 Ohio St.2d 52, 388 N.E.2d 745, paragraph one of the syllabus. Moreover, *Masters* failed to grasp that merger of offenses is a *sentencing* issue, not a plea issue, see *Cleveland v. Scott* (1983), 8 Ohio App.3d 358, 359, 457 N.E.2d 351, so even if a factual inquiry had to be made, it could only occur during sentencing, not during the plea hearing. *Masters* assumed the existence of plain error despite acknowledging that "there are insufficient facts in the record for this court to [find whether offenses are allied] in the instant case." Id. As noted, plain error exists only when it is "obvious" in the record. *Masters* found the opposite — that the absence of facts raised an issue of fact that the court needed to resolve on remand — thus showing that the error could not have been "plain" on the face of the record. Finally, unlike in *Underwood*, there was no direct concession from the state that the offenses were allied — in *Masters* the state only conceded that "unless a separate animus exists" the charged offenses would be allied. Id. The state did not concede that Masters's offenses were allied, only that the offenses might be allied had there been facts showing that Masters committed them with a single animus.

{¶ 11} For the foregoing reasons, we find that Snuffer failed to offer any evidence to make an obvious case for plain error in the court's failure to merge the theft and forgery counts in CR-539285. The first assignment of error is overruled.

II

{¶ 12} We need not dwell on Snuffer's second claim — that the court abused its discretion by sentencing him to a combined prison term of 12 years in all four cases. Snuffer offers no argument in support of that claim apart from noting that the crimes occurred over a two-year period. It is unclear why Snuffer believes that fact benefits him. That the crimes occurred over a two-year period indicates that Snuffer acted according to a long-term plan as opposed to a one-time lapse of judgment. In fact, the court learned during sentencing that in 2002, Snuffer pleaded guilty in West Virginia to stealing more that $14,000 in federal funds designated for police officer training (Snuffer was a police officer at the time). Given Snuffer's predilection for stealing government money, the long-term nature of the theft in these cases, and the particularly damning fact that his victims were disabled persons under government supervision, a 12-year combined sentence did not constitute an abuse of the court's discretion. See *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶25.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

MARY J. BOYLE, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR