[Cite as *State v. Wallace*, 2012-Ohio-812.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97069**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMES WALLACE

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-547340

**BEFORE:** Rocco, J., Stewart, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** March 1, 2012

-i-

**ATTORNEY FOR APPELLANT**

Laura Kramer Rubadue
701 City Club Building
850 Euclid Avenue
Cleveland, Ohio   44114

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Kristin Karkutt
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶1} In this appeal assigned to the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1, defendant-appellant James Wallace appeals from his convictions and the sentences imposed after he entered guilty pleas to one count of kidnapping and one count of felonious assault.

{¶2} The purpose of an accelerated appeal is to permit this court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assoc.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist. 1983); App.R. 11.1(E).

{¶3} Wallace presents two assignments of error. He asserts first that he entered guilty pleas to allied offenses that should have been merged pursuant to R.C. 2941.25(A). He also argues in his second assignment of error that the trial court should have conducted a hearing on this issue before sentencing him for both convictions.

{¶4} Because the record reflects the trial court did conduct a hearing prior to making its decision that Wallace entered his pleas to separate offenses, and because the trial court's decision is supported in the record, both of his assignments of error are overruled.

{¶5} Wallace originally was indicted in this case along with several co-defendants and was charged with kidnapping, aggravated robbery, two counts of felonious assault, and domestic violence. All of the crimes were alleged to have been committed on the same date and all named a single victim.

**{¶6}** Wallace eventually entered into a plea agreement with the state, whereby he would plead guilty to only Counts 2 and 3, viz., kidnapping and felonious assault in violation of R.C. 2903.11(A)(1) (knowingly causing serious physical harm) in exchange for the state's dismissal of the other three counts. After conducting a thorough colloquy with Wallace, which included warning him that the offenses might not be subject to merger, the trial court accepted his pleas.

**{¶7}** When Wallace's case was called for sentencing, both the prosecutor and defense counsel argued their respective positions on the merger issue. The prosecutor's recitation of facts follows.

**{¶8}** Wallace went to the victim's home with four accomplices. Once inside, Wallace "punched" the victim in the face, directed the others to help tie the victim up in the dining room, and then went into the victim's kitchen. There Wallace appropriated a knife, turned one of the stove's gas burners, and heated the knife's blade before he returned to the dining room. Wallace then placed the blade onto the victim's face and burned him in at least three places.

**{¶9}** Wallace's defense counsel argued there was no separation of the sequence of events; he contended the acts were committed "simultaneously." The record reflects the trial court viewed photographs of the victim's injuries, but the photos were not included in the record on appeal.

{¶10} Based upon the foregoing, the record thus belies Wallace's contention in his second assignment of error, *viz.*, that the trial court erred in failing to conduct a hearing before determining the two offenses were separate for purposes of R.C. 2941.25. *State v. Ruby*, 6th Dist. No. S-10-028, 2011-Ohio-4864 (victims described circumstances of crimes at sentencing hearing); *compare State v. Hopkins*, 10th Dist. No. 10-AP-11, 2011-Ohio-1591 (prosecutor's recitation of facts given at plea hearing); *but see State v. Snuffer*, 8th Dist. Nos. 96480-96483, 2011-Ohio-6430, ¶ 10 (factual inquiry appropriate only at sentencing hearing). It is, accordingly, overruled.

{¶11} Wallace's first assignment of error also is overruled. According to the record, which Wallace did not seriously dispute, the events did not occur at one time. Rather, Wallace first "punched" the victim to incapacitate him before tying up the victim, and Wallace thereafter directed his cohorts to keep the victim restrained. Wallace then took additional time to find a weapon and to heat its deadly portion.

{¶12} While the victim remained restrained, Wallace subsequently returned, whereupon he applied the heated blade to that part of the victim's skin where it would be most noticeable. On these facts, the record failed to support Wallace's argument that the incident was a "continuous" series of acts that occurred "simultaneously." *Ruby*, 6th Dist. No. S-10-028, 2011-Ohio-4864; *Hopkins*, 10th Dist. No. 10-AP-11, 2011-Ohio-1591.

**{¶13}** This is not a case in which Wallace's cohorts held the victim captive as Wallace struck him. As outlined by the prosecutor, the facts demonstrated that Wallace's cohorts watched the victim while Wallace went to another room in order to find and then to prepare the weapon he used to deface the victim.

**{¶14}** Unlike the factual situation that presented itself in *State v. Hicks*, 8th Dist. No. 95169, 2011-Ohio-2780, ¶ 18, therefore, the felonious assault in this case did not "last the duration of the restraint, or vice versa, depending upon one's perspective." Instead, there was a "significant disconnect between the restraint and the assault."

**{¶15}** Wallace's convictions and sentences are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentences.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, P.J., and

LARRY A. JONES, SR., J., CONCUR