[Cite as *State v. Taylor*, 2013-Ohio-472.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 12CA10 |
| vs. | : | |
| DANDY E. TAYLOR, II, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:     Benjamin E. Fickel, 47 North Market Street, Ste. 208,
                          Logan, Ohio 43138

COUNSEL FOR APPELLEE:      Laina Fetherolf, Hocking County Prosecuting Attorney, 88
                          South Market Street, Logan, Ohio 43138
_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 2-6-13
ABELE, J.

{¶ 1}   This is an appeal from a Hocking County Common Pleas Court judgment of

conviction and sentence.   Dandy E. Taylor, II, defendant below and appellant herein, pled guilty

to (1) theft in violation of R.C. 2913.02(A)(1), and (2) forgery in violation of R.C. 2913.31(A)

(3).

{¶ 2}   Appellant assigns the following error for review:

> "THE TRIAL COURT ERRED WHEN IT IMPOSED
> SEPARATE SENTENCES UPON DANDY E. TAYLOR FOR
> OFFENSES THAT AROSE FROM THE SAME CONDUCT,
> WERE NOT COMMITTED SEPARATELY OR WITH A

SEPARATE ANIMUS, AND SHOULD HAVE BEEN MERGED
FOR SENTENCING PURPOSES UNDER O.R.C. 2941.25."

{¶ 3}   On February 24, 2012, the Hocking County Grand Jury returned an indictment that charged appellant with the above noted offenses, as well as a separate count that charged him with receiving stolen property in violation of R.C. 2911.32(A).   Appellant initially pled not guilty, but later agreed to plead guilty to the first and third counts in return for dismissal of the receiving stolen property charge.

{¶ 4}   At the plea hearing, the parties reviewed the agreement's terms and the trial court endeavored to ascertain whether appellant understood his rights.   Satisfied that he did, the trial court accepted appellant's guilty pleas and imposed six month terms of incarceration for each count to be served consecutively as per the plea agreement.   This appeal followed.

{¶ 5}   Before we address the merits of the assignment of error, we first note that R.C. 2953.08(D)(1) provides that a sentence is not subject to appellate review if it is "recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Ordinarily, this means that appellant could not appeal his sentence in this case.   As both the parties note, however, an exception exists to this general rule.

{¶ 6}   The Ohio Supreme Court held in *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, at paragraph one of the syllabus, that when multiple sentences are "imposed for multiple convictions on offenses that are allied offenses of similar import in violation of R.C. 2941.25(A), R.C. 2953.08(D)(1) does not bar appellate review of that sentence even though it was jointly recommended by the parties and imposed by the court."   The Court explained that R.C. 2941.25, in essence, codifies the Double Jeopardy protections of the Fifth Amendment to the United States Constitution and, thus, must be considered as an exception to

R.C. 2953.08(D)(1).   *Underwood*, *supra*, at ¶¶23-26.   Thus, because appellant can appeal his sentence on this issue, we now turn to the merits of his assignment of error.

{¶ 7}   Appellant asserts that the trial court erred by imposing separate sentences for the first (theft) and third (forgery) counts of the indictment because they are allied offenses of similar import under R.C. 2941.25(A).

{¶ 8}   Although little information appears in the record as to the facts that surround these crimes, appellant admitted in a motion that he committed the theft by forging the name of an elderly gentleman on a check (somehow obtained from said individual), and then cashed the check at the bank on which it was drawn.   Appellant thus argues that "the forgery was the means by which [he] committed the theft," and because both "counts arose from and were committed by the same conduct[,]" they are allied offenses of similar import.

{¶ 9}   It is true that appellant could not be convicted of two crimes that are allied offenses of similar import. R.C. 2941.25 (A).   However, appellant could be convicted and sentenced on two crimes of dissimilar import. Id. at (B).      The Ohio Supreme Court's most recent and definitive ruling on R.C. 2941.25(A) is *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at ¶48, where the Court held:

> "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. Blankenship, 38 Ohio St.3d at 119, 526 N.E.2d 816 (Whiteside, J., concurring) ("It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses *can be* committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses." [Emphasis sic]). If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import."

{¶ 10} R.C. 2913.31(A)(3) defines forgery to have occurred when someone, with purpose to defraud, "[u]tter[s], or possess[es] with purpose to utter, any writing that the person knows to have been forged." "Utter" in this context means to issue, publish, transfer, use, put or send into circulation, deliver, or display. R.C. 2913.01(H). Someone commits a theft by knowingly obtaining or exerting control over the property of another without consent of the owner of the property. R.C. 2913.02(A)(1).

{¶ 11} Prior to *Johnson*, the weight of authority indicated that theft and forgery are not allied offenses of similar import because they involve different elements and a person could commit one without committing the other. See *State v. Kuhlen*, 10th Dist. No. 99-AP107, 1999 WL 1054830 (Nov. 23, 1999)(as well as the various cases cited therein). Has *Johnson* changed that view? Neither the appellee nor appellant cite any direct authority to support their respective arguments. The only remotely applicable authority we have located is *State v. Snuffer*, 8th Dist. Nos. 96480, 96481, 96482, 96483, 2011-Ohio-6430. In *Snuffer*, the appellant forged the victim's name on a withdrawal slip and took money from the victim's account. Id. at ¶¶5&7. This action resulted in a forgery charge and theft charge with respect to that particular victim. After noting that forgery and theft were not allied offenses under prior law, our Eighth District colleagues opined that *Johnson* no longer "requires us to slavishly compare the elements of each offense[.]" 2011-Ohio-6430, at ¶¶6-7. The Court further noted that "Snuffer might *plausibly* argue that he used the forged withdrawal slip to facilitate the theft of money from the victim's bank account so *that the forgery was in essence the act of theft*." (Emphasis added) Id. at ¶8. He

did not make that argument, however, and, thus, the court did not so rule.   The opinion's language, however, suggests that the Eighth District would be receptive to that argument.   In the end, the issue of whether, subsequent to *Johnson,* theft and forgery are allied offenses appears to be one of first impression.

**{¶ 12}**  In deciding that issue, we must apply the *Johnson* two-part test: (1) we must determine "[i]f the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other . . ." 2010-Ohio-6314, at ¶48; (2) if the multiple offenses can be committed by the same conduct, we must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." (Citations omitted) Id. at ¶49.   "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged." Id. at ¶50.

**{¶ 13}**  R.C. 2913.31 is Ohio's general forgery statute and this is the label given to the offense with which appellant was charged under Count III.   However, the specific charge against him is not actually forging a signature under subsection (A)(1).   Rather, the subsection charged in the indictment alleged that appellant uttered a forged check (subsection (A)(3)).   This is an important distinction.   As noted above, to "utter" is statutorily defined, inter alia, as being to use, transfer or put into circulation.   This suggests, although the record is unclear on the point, that appellant committed the crime when he presented the check at the bank and received, in return, three hundred dollars of the victim's money.   The passing (or "uttering") of the check is the forgery offense and his receipt of money was the theft offense.   However, these two offenses occurred simultaneously, as a result of the same conduct, and arose from the same animus.

Therefore, under *Johnson* we agree with appellant that under the facts present in this case these offenses are allied offenses of similar import.   Consequently, appellant may only be convicted and sentenced on one offense.[1]

{¶ 14}  The appellee argues that *State v. Gaines*, 6th Dist. No. WD-08-058, 2010-Ohio-91 supports a contrary view.   However, we believe that *Gaines* is not applicable for two reasons. First, *Gaines* involves forgery and the misuse of a credit card, rather than forgery and theft. Second, and more important, the court's analysis is based upon a comparison of the elements of each offense in the abstract. Id. at ¶¶37-43.   In *Johnson*, the Ohio Supreme Court modified, or rejected entirely, that approach.

{¶ 15}  We also reject the application of *Gaines* because it predates *Johnson*.   The court decided *Johnson* on December 29, 2010, whereas *Gaines* was journalized on January 15, 2010. Thus, the *Gaines* court did not have the benefit of the *Johnson* test.

{¶ 16}  For these reasons, appellant's assignment of error is well taken and hereby sustained.   Accordingly, we hereby affirm the trial court's judgment as to the conviction, but reverse as to the sentence and remand the matter for re-sentencing consistent with this opinion.

                                        JUDGMENT AFFIRMED IN
                                     PART, REVERSED IN PART,
                                  AND CASE REMANDED FOR
                                FURTHER PROCEEDINGS
                              CONSISTENT WITH THIS
                                        OPINION.

---

[1]  We note, however, that a slightly different set of facts could have arguably changed the outcome of our analysis. For instance, if appellant was charged with an (A)(1) violation, and the forgery occurred several days before he cashed the check, it may not constitute the same conduct.     Similarly, if appellant was charged with (A)(1), but someone else cashed the check and then returned the money to appellant, the result of our analysis may have been different as well.

[Cite as *State v. Taylor*, 2013-Ohio-472.]

<u>JUDGMENT ENTRY</u>

It is ordered that the judgment be affirmed, in part, reversed, in part, and that the case be remanded for further proceedings consistent with this opinion.   Appellant to recover of appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Kline, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.