[Cite as *State v. Rogers*, 2013-Ohio-1027.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 98292, 98584, 98585, 98586, 98587, 98588, 98589, and 98590**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## FRANK ROGERS, JR.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeals from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-552699, CR-544682, CR-545992, CR-553547,
CR-553806, CR-556821, CR-555183, and CR-557079

**BEFORE:** Stewart, A.J., Jones, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** March 21, 2013

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Road, Suite 613
Cleveland, OH    44118

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Milko Cecez
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

{¶1} Defendant-appellant Frank Rogers, Jr. pleaded guilty in eight different cases to counts of breaking and entering; receiving stolen property; possession of criminal tools; burglary; and drug possession. He complains on appeal that the court erred by failing to merge certain parts of the sentences in two of the cases, that the court failed to compute jail-time credit, and that the court failed to advise him of the consequences of violating postrelease control.

I

{¶2} Rogers first argues that in CR-553806 and CR-545992, the counts in each case were allied offenses of similar import that should have merged for sentencing.

A

{¶3} When a defendant's conduct results in the commission of two or more "allied" offenses of similar import, that conduct can be charged separately, but the defendant can be convicted and sentenced for only one offense. R.C. 2941.25(A). Offenses are "allied" and must be merged for sentencing if the defendant's conduct is such that a single act could lead to the commission of separately defined offenses, but those separate offenses were committed with a state of mind to commit only one act. *See State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 48-50.

{¶4} When reviewing sentencing errors, the Supreme Court has consistently held that a failure to object waives all but plain error. *See, e.g., State v. Comen*, 50 Ohio

St.3d 206, 211, 553 N.E.2d 640 (1990) (allied offenses issue was forfeited on appeal because the defendant did not raise it in the trial court); *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 152 (failure to object to imposition of consecutive sentences waives all but plain error); *State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, 926 N.E.2d 1239, (failure to request merger of felony-murder/burglary specification and the witness-murder specification waived all but plain error); *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 11 (failure to raise *Foster* errors at sentencing constitutes a forfeiture of the issue necessitating application of the plain-error doctrine by reviewing courts).

**{¶5}** Rogers did not object to his sentence, so we review it for plain error. *State v. Snuffer*, 8th Dist. Nos. 96480, 96481, 96482, 96483, 2011-Ohio-6430, ¶ 9; *State v. Lindsey*, 8th Dist. No. 96601, 2012-Ohio-804, ¶ 13. Crim.R. 52(B) allows us to correct "[p]lain errors or defects affecting substantial rights" that were not brought to the attention of the trial court. In *State v. Gross*, 97 Ohio St.3d 121, 2002-Ohio-5524, 776 N.E.2d 1061, the Supreme Court set forth very strict limitations on what constitutes "plain" error:

> We have previously explained that this rule "places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial": (1) "there must be an error, i.e., a deviation from a legal rule," (2) "the error must be plain," which means that it "must be an 'obvious' defect in the trial proceedings," and (3) "the error must have affected 'substantial rights,'" which means that "the trial court's error must have affected the outcome of the trial." [*State v.Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240]. Further, the decision to correct a plain error is discretionary and should be made "'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Id*., 94 Ohio St.3d 21, 759 N.E.2d 1240, quoting *State v. Long*

(1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus.

*Id*. at ¶ 45 (footnote omitted).

{¶6} Some panels of this court have held that plain error in sentencing occurs when a sentencing judge fails to inquire into the possibility of an allied offenses sentencing issue, regardless of whether the issue is raised by the defendant. *See, e.g., State v. Corrao*, 8th Dist. No. 95167, 2011-Ohio-2517, and *State v. Baker*, 8th Dist. No. 97139, 2012-Ohio-1833. These panels rely on *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, which held that "imposition of multiple sentences for allied offenses of similar import is plain error." *Id*. at ¶ 31, citing *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, ¶ 96-102. In other words, the panels have found the court's failure to inquire into allied offenses at sentencing to be a form of per se error that requires reversal regardless of any showing of actual error or prejudice in sentencing.

{¶7} We readily agree that a failure to merge clearly allied offenses is plain error. But it is one thing to say that an error exists because it is plain on the record as it was in *Underwood* (the state conceded in that case that the offenses at issue were allied and should merge for sentencing), and another thing to say that we must reverse a case because we do not know if an error occurred. In *Underwood*, the error was plain on the record, so the court was required to merge allied offenses. And courts have found the existence of plain error in cases where the facts offered at trial show that offenses are

allied and should merge. *See, e.g., Johnson* at ¶ 53-56. They have not, however, found plain error when there were no facts in the record to show that an error occurred.

{¶8} It is not hyperbole to say that *Baker* and *Corrao* rest on the theory that plain error existed on nothing more than the possibility of error: in *Baker*, the court noted that "[t]he record is nearly devoid of any facts," *id.* at ¶ 1; in *Corrao*, the court noted that "[t]he record of Corrao's plea does not contain the necessary details as to the timing and circumstances of the various criminal acts from which we can make such a determination." *Id.* at ¶ 10. As we earlier noted, the Supreme Court has consistently applied a plain error analysis when the defendant has failed to object to a claimed sentencing error. There is no plausible interpretation of the plain error doctrine that would allow an appellate court to find error simply because there are no facts to show whether any error occurred. An error is plain only when it is "obvious" from the record. If there are no facts in the record or no concession to show that an error occurred, by definition, there is no plain error.

{¶9} The common thread in this case, *Baker*, and *Corrao* is that they are the product of guilty pleas. It is the very nature of a guilty plea that the facts are limited to those stated in the indictment. As we noted in *Snuffer*, "a guilty plea constitutes a full admission of factual guilt that obviates the need for a fact-finding trial on the charges." *Id.* at ¶ 10, citing *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745 (1979), paragraph one of the syllabus. By their very nature, guilty plea proceedings are necessarily devoid of facts to prove the underlying offenses. If a defendant who pleads guilty wishes to make an allied offenses argument at sentencing, that defendant has the responsibility in

the first instance to ensure that the record contains facts to support that argument.   If the defendant fails to do so, any argument on appeal is waived.

{¶10} To hold otherwise would put the onus on the trial judge to step into the shoes of a defense attorney to advocate for the defendant.   It is well-established that the court has no duty to act sua sponte to preserve the constitutional rights of a defendant who had failed to object to an error.   *See, e.g., State v. Abdul Bari*, 8th Dist. No. 90370, 2008-Ohio-3663 (court has no duty to sua sponte dismiss an indictment on speedy trial grounds absent objection); *Clark v. Newport News Shipbuilding & Dry Dock Co.*, 937 F.2d 934, 939 (4th Cir.1991) ("Neither *Batson* nor its progeny suggests that it is the duty of the court to act sua sponte to prevent discriminatory exclusion of jurors.   Rather, even in criminal cases, the objection is deemed waived if not timely raised.")   Indeed, a trial judge has no special obligation to assist a pro se criminal defendant, *United States v. Barfield*, 969 F.2d 1554, 1558 (4th Cir.1992), citing *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir.1984), yet *Baker* and *Corrao* obligate a trial judge to step out of the role of an impartial arbitrator to assist the defendant with or without counsel.   There is no reason for this heightened obligation, especially given that the Supreme Court has consistently ruled that a failure to object at sentencing waives all but plain error.   To the extent that trial counsel may have been ineffective for failing to raise the issue of allied offenses at sentencing, that failure can (with the aid of evidence outside the record on appeal) form the basis of an ineffective assistance of counsel claim in a petition for postconviction relief.

**{¶11}** We therefore find no basis for the suggestion that it is plain error for the court to fail to inquire into the possibility of whether offenses are allied for purposes of sentencing. We continue to adhere to the basic proposition of appellate review that plain error can only exist if there is evidence making an error manifest on the record. We cannot envision a scenario where the absence of error on the record can ever suffice to show plain error.

B

**{¶12}** In CR-553806, the two counts of receiving stolen property in the indictment referred to two victims in two separate houses — Rogers was apparently caught pawning the property taken during those burglaries. The indictment charged that both acts occurred on the same day and Rogers argues that both acts were identical, so they should merge for sentencing. The state maintains that the offenses were not allied because they were committed against two different victims.

**{¶13}** In previous cases, we have held that counts of receiving stolen property against separate victims were not allied offenses. *See, e.g., State v. Polk*, 8th Dist. No. 88639, 2007-Ohio-4436, ¶ 15. This conclusion appeared to be premised on the idea that "[w]hen an offense is defined in terms of conduct towards another, then there is a dissimilar import for each person affected by the conduct." *State v. Phillips*, 75 Ohio App.3d 785, 790, 600 N.E.2d 825 (2d Dist.1991), citing *State v. Jones*, 18 Ohio St.3d 116, 118, 480 N.E.2d 408 (1985).

**{¶14}** The difficulty with *Polk* is that it improperly views the offense of receiving stolen property in terms of conduct against another. R.C. 2913.51(A) states that "[n]o

person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." This statute is not defined in terms of conduct against another, but in terms of conduct against property; that is, possession or disposition of property that one knows or believes to be stolen.

{¶15} For example, in *State v. Allen*, 8th Dist. No. 82618, 2003-Ohio-6908, we held that two counts of burglary against two different occupants of the same structure merged for sentencing because the relevant burglary statute was not defined in terms of conduct against another. We explained that "it is the accused's *entrance* into an occupied structure *when another person* is present that defines the prohibited conduct. There is nothing in this language that proscribes any conduct toward the person or persons present in the structure." (Emphasis sic.) *Id*. at ¶ 21. That same reasoning applies here.

{¶16} Our conclusion is reinforced by the fact that the property's status as being "stolen" is no longer material to the commission of receiving stolen property. R.C. 2913.51(B) states that it is not a defense to a charge of receiving stolen property that the property was obtained by means other than through the commission of a theft offense — the offense is committed merely if the property was explicitly represented to the accused person as being obtained through the commission of a theft offense. *See, e.g., State v. Awad*, 164 Ohio App.3d 528, 2005-Ohio-5861, 843 N.E.2d 201 (1st Dist.) (goods did not need to actually be stolen, just represented as such in order to support a conviction for receiving stolen property). If one's belief that property not stolen really was stolen is

enough to complete the offense of receiving stolen property, it follows that the crime cannot be defined in terms of conduct against another, but only as against the property itself. Merger of the receiving stolen property counts is thus not barred because there were separate victims of those offenses.

{¶17} Despite our conclusion that merger is not barred because the two counts of receiving stolen property charged offenses against different victims, it is unclear from the transcript whether the two counts of receiving stolen property were committed with a state of mind to commit only one act. The indictment charged Rogers with committing those acts on the same day, but it did not charge that those acts occurred at the same time. It is possible from the record on appeal that he attempted to dispose of the stolen items separately, and that possibility alone is enough for us to find that he has failed to show an error that is so obvious that it rises to the level of plain error. *Snuffer* at ¶ 10.

C

{¶18} In CR-545992, Rogers pleaded guilty to two counts of receiving stolen property and one count of possession of criminal tools. He argues that the receiving stolen property counts relate to (1) a stolen pickup truck and (2) tires and rims from that same truck, so his sentences for those counts should have merged as being part of the same transaction.

{¶19} There is nothing in the record to support Rogers's argument that the tires and rims were from the stolen truck. Although the indictment identifies the truck that Rogers received, retained, or tried to dispose of, the count relating to the "Tires & Rims" made no connection to them being a part of the stolen truck. With the absence of any

facts to support this assertion, we cannot find that the court committed plain error by failing to merge for sentencing Counts 4 and 5 of the indictment in CR-545992. *See Snuffer*, *supra*.

## D

{¶20} Rogers also argues that Count 6 of the indictment in CR-545992, possession of criminal tools, should have merged into the receiving stolen property counts. He argues that the tools he possessed — a tire jack and/or tow chain and/or lug nut wrenches — were used in the commission of the theft of the pickup truck and tire rims and so was part of a course of conduct that comprised a single act.

{¶21} The flaw with Rogers's argument here is that he was not charged with theft of the truck nor did he plead guilty to that offense. In fact, the state repeatedly made it clear during sentencing that it was not saying that Rogers committed any theft offense. It follows that there is no basis of any kind for us to conclude that the possession of criminal tools count should have merged into the possession of stolen property count.

## II

{¶22} Rogers next argues that the court erred by failing to compute his jail-time credit as mandated by R.C. 2967.191 and that trial counsel was ineffective for failing to request an accurate calculation of the jail-time credit. This assignment of error is moot because the court granted Rogers's pro se motion for jail-time credit on April 16, 2012.

## III

{¶23} In his third assignment of error, Rogers complains that the court erred by failing to advise him of the consequences of violating postrelease control. This

assignment is overruled because the court did apprise Rogers during sentencing of the consequences of violating postrelease control.   *See* tr. 69-70.

{¶24} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, ADMINISTRATIVE JUDGE

PATRICIA ANN BLACKMON, J., CONCURS;

LARRY A. JONES, SR., J., CONCURS IN PART
AND DISSENTS IN PART WITH SEPARATE
OPINION

LARRY A. JONES, SR., J., CONCURRING IN PART AND DISSENTING IN PART:

{¶25} Respectfully, I concur in part and dissent in part.

{¶26} I agree with the majority that Rogers's motion for jail-time credit is moot and the trial court did advise Rogers of his postrelease control obligations; therefore, I too would overrule those arguments.

**{¶27}** I disagree, however, that we cannot find plain error on the issue of allied offenses solely because the record does not contain facts sufficient for us to determine the issue. R.C. 2941.25 obligates the trial court to determine whether the offenses are allied. *State v. Baker*, 8th Dist. No. 97139, 2012-Ohio-1833, ¶ 22, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 29. I believe that we should adhere to our decisions in *Baker* and *State v. Corrao*, 8th Dist. No. 95167, 2011-Ohio-2517, and the basic premise that a trial court's failure to inquire into the allied offenses issue at the sentencing hearing may constitute plain error even if the record on appeal contains insufficient facts from which we can determine if two or more offenses are allied and even if the defendant did not raise the issue below. *See also State v. Quigley*, 8th Dist. No. 96299, 2012-Ohio-2751, *discretionary appeal not allowed,* 132 Ohio St.3d 1535, 2012-Ohio-4381, 974 N.E.2d 1211.

**{¶28}** "It is a fundamental principle that an offender can be punished only once for a crime. The trial court judge has a duty to ensure this constitutional protection. If the facts necessary to determine whether offenses are allied are not in the record and the trial court does not inquire, then plain error exists when the issue is raised on appeal." *State v. Barrett*, 8th Dist. No. 97614, 2012-Ohio-3948, ¶ 49 (S. Gallagher, J., dissenting).

**{¶29}** Even though Rogers did not raise the issue at the trial court level, I would find that plain error exists as a result of the trial court's failure to determine whether the two counts of receiving stolen property in CR-553806 were allied and whether the two counts of receiving stolen property and one count of possessing criminal tools in

CR-545992 were also allied. I would vacate those sentences accordingly and remand the case for an allied offenses determination and resentencing.

{¶30} Although the majority believes that doing so will cause trial court judges to impermissibly advocate for the defendant,

> [t]he trial judge has the ultimate responsibility to ensure that an offender is punished only once for a specific crime. That is the ultimate issue that cannot be lost in this process. A defendant's conviction on multiple counts, regardless of how achieved, does not affect the court's duty to merge those allied counts at sentencing. This duty is mandatory, not discretionary.

*Id*. at ¶ 61.

{¶31} Moreover, an intra-district conflict exists on the issue whether a trial court's failure to conduct an allied offense inquiry prior to sentencing a defendant can constitute plain error where the record on appeal contains insufficient facts from which this court can determine whether an allied offense error occurred. *See*, *e.g.*, *Baker*; *Corrao*; *Quigley*; *State v. Snuffer*, 8th Dist. Nos. 96480, 96481, 96482, and 96483, 2011-Ohio-6430; *State v. Masters*, 8th Dist. No. 95120, 2011-Ohio-937; *State v. Lindsey*, 8th Dist. No. 96601, 2012-Ohio-804; *State v. Rogers*, 8th Dist. Nos. 97093 and 97094, 2012-Ohio-2496; *State v. Ballard*, 8th Dist. No. 98355, 2013-Ohio-373. Therefore, this issue is ripe for en banc review pursuant to App.R. 26.