[Cite as *State v. Smith*, 2013-Ohio-2650.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| RALPH L. SMITH | : | Case No. 13-CA-9 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING: Appeal from the Licking County
Court of Common Pleas, Case No.
12CR00450


JUDGMENT: Affirmed


DATE OF JUDGMENT: June 21, 2013


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JUSTIN RADIC                              STEPHEN T. WOLFE
Assistant Prosecuting Attorney            Christopher M. Cooper Co., LPA
20 S. Second Street                       3055 Cleveland Avenue
Newark, Ohio 43055                        Columbus, OH 43224

*Baldwin, J.*

{¶1} Appellant Ralph L. Smith appeals a judgment of the Licking County Common Pleas Court convicting him of breaking and entering (R.C. 2911.13 (A)) and vandalism (R.C. 2909.05 (B)(1)(a)) upon a plea of guilty, and sentencing him to three years community control, with a sentence of ten months incarceration on each count to be served consecutively if he violates the terms of community control.

## STATEMENT OF FACTS AND CASE

{¶2} On August 20, 2012, appellant broke into the Faith United Methodist Church, looking for money to steal. Appellant damaged several pieces of property in the church, including a large door.

{¶3} Appellant was indicted by the Licking County Grand Jury on August 31, 2012, with one count of breaking and entering and one count of vandalism. Appellant appeared before the Licking County Common Pleas Court on January 25, 2013, and pled guilty to both charges. Appellant argued that the offenses should merge for purposes of sentencing. The court rejected his argument and sentenced him to three years community control, ordered him to pay $1,000.00 in restitution, and in the event appellant violates the terms of his community control he is to serve ten months incarceration consecutively on each count.

{¶4} Appellant assigns a single error on appeal:

{¶5} THE CHARGES WERE ALLIED OFFENSES OF SIMILAR IMPORT THAT SHOULD HAVE MERGED FOR PURPOSES OF SENTENCING.

{¶6} R.C. 2941.25 provides:

{¶7}    "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶8}    "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶9}    In *State v. Johnson,* the Ohio Supreme Court modified the test for determining whether offenses are allied offenses of similar import. 128 Ohio St.3d 1405, 2010–Ohio–6314. The Court directed us to look at the elements of the offenses in question and determine whether or not it is possible to commit one offense and commit the other with the same conduct. If the answer to such question is in the affirmative, the court must then determine whether or not the offenses were committed by the same conduct. If the answer to the above two questions is yes, then the offenses are allied offenses of similar import and will be merged. If, however, the court determines that commission of one offense will never result in the commission of the other, or if there is a separate animus for each offense, then the offenses will not merge according to *Johnson,* supra.

{¶10}   In the instant case, appellant pled guilty to the charges.  As a result, the record is mostly devoid of facts underlying the offenses.  During the change of plea hearing, the prosecutor presented the facts as follows:

{¶11} "On August 20th, 2012, the Defendant broke into the Faith United Methodist Church, located at 261 East Main Street, in Licking County, Ohio. The purpose of breaking in was to find money to steal.

{¶12} "During this break-in, the Defendant damaged several pieces of property, including one large door. The total value to fix the damages was $4,325. This property was used by Faith United Methodist Church in their profession, business, trade or occupation." Tr. 10.

{¶13} Without presenting a specific argument concerning the facts, appellant argued that the offense should merge:

{¶14} "Given that these crimes occurred at the same time, same course of conduct, I would submit to the Court that they were allied offenses of similar import and should merge upon sentencing." Tr. 15.

{¶15} The State responded:

{¶16} "Your Honor, the State would submit that these are not allied offenses of similar import. The breaking and entering is a theft-related offense, broke in, that's committed at the time he entered with purpose. When he's in there and he's committing additional offenses that aren't related necessarily to the theft, I don't believe they merge." Tr. 17.

{¶17} Appellant argues that the only property that was damaged, giving rise to the vandalism charge, was the door appellant damaged breaking into the church. The State argues that the damage giving rise to the vandalism charged occurred after appellant was inside the church building. The record does not clearly demonstrate either version of the facts.

{¶18}   In *State v. Rogers*, 8th Dist. Nos. Nos. 98292, 98584, 98585, 98586, 98587, 98588, 98589, 98590, 2013-Ohio-1027, ¶9, the Eighth District Court of Appeals held:

{¶19}   "By their very nature, guilty plea proceedings are necessarily devoid of facts to prove the underlying offenses. If a defendant who pleads guilty wishes to make an allied offenses argument at sentencing, that defendant has the responsibility in the first instance to ensure that the record contains facts to support that argument. If the defendant fails to do so, any argument on appeal is waived."

{¶20}   We agree with the reasoning of the Eighth District.  In the instant case, appellant made an allied offense argument at sentencing, but did not place facts in the record to support his argument.  Accordingly, the assignment of error is overruled.

{¶21}   The judgment of the Licking County Common Pleas Court is affirmed.

By:  Baldwin, J.

Gwin, P. J. and

Farmer, J. concur.

_____
HON. CRAIG R. BALDWIN

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

CRB/rad

[Cite as *State v. Smith*, 2013-Ohio-2650.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff -Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RALPH L. SMITH | : | |
| | : | |
| Defendant - Appellant | : | CASE NO. 13-CA-9 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs assessed to the appellant.

_____
HON. CRAIG R. BALDWIN

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER